*702 Rose, J.
Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered September 25, 2000, upon a verdict convicting defendant of the crime of driving while intoxicated (two counts) and the traffic infraction of failing to drive on the right side of the road.
After a jury trial, defendant was convicted of, among other things, two counts of driving while intoxicated as a felony based upon the testimony of the arresting officer that he observed defendant’s vehicle swerve across the highway’s double yellow lines and then administered a number of field sobriety tests which defendant failed. The testimony of a second officer established that a Datamaster chemical test administered shortly after defendant’s arrest had shown a blood alcohol level of 0.31%. During trial, County Court denied defendant’s requests to compel the attendance and testimony of David Rockefeller, a certified instructor in the operation of the Datamaster testing unit, and to have the prior hearing testimony of William Rybicki, a passenger in defendant’s vehicle at the time of his arrest, admitted due to Rybicki’s unavailability at trial. Defendant now appeals, arguing that County Court’s refusal to grant his requests for a material witness order pursuant to CPL 620.20 as to Rockefeller, and for admission of Rybicki’s prior testimony pursuant to CPL 670.10, deprived him of due process and the right to present testimony in his defense.
We cannot agree. County Court properly refused to issue a material witness order as to Rockefeller because, admittedly, he knew nothing about defendant’s case and, while he may have been the only certified Datamaster instructor employed by the Division of Criminal Justice Services, defense counsel failed to show that he was the only person sufficiently knowledgeable to testify about the operation of the Datamaster and possibly impeach the officer who administered the test to defendant (see People v Anderson, 168 AD2d 360, 360 [1990], lv denied 78 NY2d 953 [1991]).
As to the admission of Rybicki’s prior testimony, which would have been material since he witnessed the events preceding defendant’s arrest, defendant was required to establish, among other things, his inability, after the exercise of due diligence in good faith, to secure the witness’s attendance (see People v Diaz, 97 NY2d 109, 116 [2001]; People v Arroyo, 54 NY2d 567, 573-574 [1982], cert denied 456 US 979 [1982]). Although defense counsel knew four months prior to trial that Rybicki resided in *703 Florida, the month in which the trial would occur and the substance of his testimony, no effort was made during that time to secure Rybicki’s attendance. Counsel also learned the actual trial date nearly one week in advance. Nonetheless, there was no effort to contact Rybicki until a few days before trial and then only by leaving telephone messages to which Rybicki did not respond. A material witness certificate for Rybicki, pursuant to CPL 640.10 (3), was not requested until the day before trial was to begin. It was issued immediately, but when defendant made his CPL 670.10 application after the prosecution rested, the certificate had not yet been served on Rybicki. In view of these last minute and cursory efforts, County Court did not err in denying defendant permission to present Rybicki’s prior testimony to the jury.
Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.